UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK L. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01927-TWP-DML |
| | ) |
| RYAN PATTON, | ) |
| | ) |
| Defendant. | ) |

**ENTRY GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT, SCREENING AMENDED COMPLAINT, AND DIRECTING ISSUANCE OF PROCESS**

Derek Boyd's motion for leave to amend his complaint, dkt. [36], is **granted**. The **clerk is directed** to redocket Mr. Boyd's proposed amended complaint, dkt. [36-1], as the amended complaint. The amended complaint will completely replace the original complaint and proceed as the operative pleading in the action.

Mr. Boyd is an inmate at Plainfield Correctional Facility (PCF). Because Mr. Boyd is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Boyd's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Abu-Shawish v. United States*, 898 F.3d 726, 737 (7th Cir. 2018) ("And because Abu-Shawish was proceeding *pro se*, the district court should have construed his petition liberally.").

## II. The Amended Complaint

The amended complaint describes events that began in June 2020, while Mr. Boyd was confined at Heritage Trail Correctional Facility (HTCF), and continued after his transfer to PCF in July 2020. Mr. Boyd asserts claims for damages and injunctive relief against six defendants, all of whom were employed at either HTCF or PCF:

(1) HTCF Investigator Ryan Patton

(2) HTCF Administrator A. Reaves

(3) HTCF Prison Rape Elimination Act (PREA) Compliance Manager Ploeger

(4) Officer Deposki

(5) Officer Sanberg

(6) PCF Warden Pretorius

The Court has only considered the allegations set forth in the amended complaint itself. The Court has not reviewed the 124 pages of exhibits Mr. Boyd unnecessarily attached to his amended complaint. *See, e.g., Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (noting that a district judge "could have stricken" attachments to a complaint "without bothering to read" them). Those allegations are as follows.

In the spring of 2020, Mr. Boyd complained to HTCF staff members and even filed a lawsuit regarding the prison's COVID-19 precautions. He also filed a grievance alleging that an officer harassed him in the shower on May 30, 2020.

That grievance came to Investigator Patton's attention. On June 3, 2020, before investigating the grievance, Investigator Patton notified a member of the mental health staff of Mr. Boyd's grievance and asked for her assessment. When Mr. Boyd appealed the denial of his harassment-in-the-shower, grievance, he complained to Administrator Reaves that Investigator Patton had disclosed his allegations to the mental health staff.

On June 12, 2020, three officers confined the inmates from Mr. Boyd's housing unit in outdoor recreation cages, searched their belongings, and destroyed their property. Officer Deposki participated in this search. Mr. Boyd alleges that the purpose of the search was to find any more copies of Investigator Patton's communications with the mental health professional, presumably so Mr. Boyd could not make any more complaints about it.

On June 19, 2020, Mr. Boyd complained of the June 12 search in a meeting with Mrs. Ploeger. Instead of keeping the complaint confidential, Mrs. Ploeger immediately reported the complaint to Investigator Patton. Investigator Patton then visited a treatment program Mr. Boyd was attending, pulled Mr. Boyd out of the class, and searched him in view of other prisoners.

Three days later, Investigator Patton confined inmates from Mr. Boyd's housing unit in the outdoor recreation cages again while officers searched their property. When the inmates returned to their housing unit, Investigator Patton made it appear that Mr. Boyd had cooperated with the officers. Investigator Patton did this so that other inmates in the unit would turn on Mr. Boyd.

On June 25, 2020, Mr. Boyd and another inmate attempted to mail an unrelated complaint to this Court. An officer confiscated the envelope and its contents and gave it to Investigator Patton and Administrator Reaves. They kept the materials for about 30 hours.

On June 29, 2020, an officer charged Mr. Boyd with violating the disciplinary code by writing grievances for other inmates in exchange for goods from the commissary. Officer Deposki was the hearing officer, found Mr. Boyd guilty, and assessed the maximum allowable sanctions.

On July 13, 2020, Investigator Patton implied to another inmate—an inmate known to be especially dangerous—that he lost his prison job because of something Mr. Boyd did. Investigator Patton did this to place Mr. Boyd at risk of violence from the other inmate.

On July 23, 2020, Mr. Boyd informed Mrs. Ploeger of this incident. Mrs. Ploeger responded that the incident was unrelated to her role as the PREA Compliance Manager. After this meeting, Mrs. Ploeger falsely accused Mr. Boyd of threatening her, and he was charged with another disciplinary violation. Officer Sanberg testified against Mr. Boyd at his disciplinary hearing. Officer Deposki again served as the hearing officer, found Mr. Boyd guilty, and assessed the maximum sanctions.

At some point, the HTCF staff placed Mr. Boyd on a "grievance restriction" and transferred him to PCF. They did this either to retaliate against Mr. Boyd for his previous grievances and lawsuits or to discourage him from pursuing future grievances and lawsuits.

In August 2020, Mr. Boyd injured his knee in an "altercation." The complaint provides no details about this altercation or who was involved in it. Mr. Boyd also alleges that Ms. Pretorius allows her staff at PCF to do an inadequate job of processing grievances.

### III. Discussion of Claims

The action **shall proceed** with First Amendment retaliation claims against Defendants Patton, Reaves, Ploeger, and Deposki pursuant to 42 U.S.C. § 1983.

Claims based on Mr. Boyd's disciplinary proceedings are **dismissed** for **failure to state a claim** upon which relief may be granted. A "claim for declaratory relief and money damages . . . that necessarily impl[ies] the invalidity of the punishment imposed, is not cognizable under § 1983." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck v. Humphrey*, 512 U.S. 477 (1994)). If a suit for damages would necessarily imply the invalidity of a prisoner's disciplinary conviction, he may not bring the damages claim "'unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.'" *Haywood v. Hathaway*, 842 F.3d 1026, 1029 (7th Cir. 2016) (quoting *Nelson v. Campbell*, 541 U.S. 637, 646 (2004)). Accordingly, all claims against Defendant Sanberg are **dismissed**, and First Amendment claims against Ms. Deposki shall be based only on allegations that she participated in searches of Mr. Boyd's housing unit.

Claims based on the Eighth Amendment are **dismissed** for **failure to state a claim** upon which relief may be granted.

To the extent Mr. Boyd asserts an Eighth Amendment failure-to-protect claim against Investigator Patton, Mr. Boyd has not alleged that the other inmate ever harmed him. A plaintiff must show that he has been injured to prevail on *any* constitutional claim. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("[E]ven in the field of constitutional torts . . . [a] tort to be actionable requires injury."); *see also Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014) ("[T]here is no tort without an actionable injury caused by the defendant's wrongful act."). Mr. Boyd alleges generically that he was involved in an "altercation" and injured his knee. Dkt. 36-1 at ¶ 31.

Mr. Boyd does not allege facts supporting a reasonable inference that his injury was caused by any action or inaction by Investigator Patton.

To the extent Mr. Boyd alleges that Investigator Patton intentionally endangered him by implying to another inmate that Mr. Boyd caused him to lose his job, such a claim would be more properly characterized as an Eighth Amendment conditions-of-confinement claim than a failure-to-protect claim. *Babcock v. White*, 102 F.3d 267, 271–72 (7th Cir. 1996). To plead such a claim, a plaintiff need not allege that a physical attack resulted. Rather, a plaintiff may state a viable claim by alleging either "physical harm" or "extreme and officially sanctioned psychological harm." *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997). The Seventh Circuit has not made clear precisely what sort of facts could support a claim that an officer subjected an inmate to a threat of violence that amounted to a deprivation of a minimal civilized measure of life's necessities. *See id.* In a later case, however, the Seventh Circuit held that "an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment." *Saunders v. Tourville*, 97 F. App'x 648, 649 (7th Cir. 2004) (citing *Babcock*, 102 F.3d at 272). In *Saunders*, the plaintiff alleged that an officer "violated the Eighth Amendment by suggesting to the other inmates that Saunders was a snitch, thereby placing him at risk of assault." *Id.* Mr. Boyd asserts essentially identical allegations against Investigator Patton and therefore has fallen short of alleging the type of "extreme and officially sanctioned psychological harm" that would state a plausible Eighth Amendment claim against him. *Welborn*, 110 F.3d at 524.

Similarly, to the extent Mr. Boyd asserts an Eighth Amendment claim based on deliberate indifference to a serious medical need, he alleges only that "medical treatment frivolously stopped." *Id.* at ¶ 35. Mr. Boyd alleges no facts specifying what medical need went untreated, what

6

treatment was terminated, or how any of the defendants was involved in or responsible for terminating that treatment.

Claims against Defendant Pretorius are **dismissed** for **failure to state a claim** upon which relief may be granted. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The only allegations against Defendant Pretorius are that she failed to ensure that her subordinates carried out their tasks correctly, so no claim against her is viable.

Finally, claims for injunctive relief are **dismissed** as **moot**. The claims remaining in the action are against HTCF personnel and based on events that took place at HTCF. Mr. Boyd is now confined at PCF. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) (discussing *Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1995)). Mr. Boyd has not alleged facts supporting an inference that he remains subject to any condition imposed on him at HTCF or that any of the defendants has authority to grant injunctive relief that would benefit him at PCF.

### IV. Conclusion and Issuance of Process

Derek Boyd's motion for leave to amend his complaint, dkt. [36], is **granted**. The **clerk is directed** to redocket Mr. Boyd's proposed amended complaint, dkt. [36-1], as the amended complaint. The amended complaint will completely replace the original complaint and proceed as the operative pleading in the action.

The action **shall proceed** with First Amendment retaliation claims against Defendants Patton, Reaves, Ploeger, and Deposki pursuant to 42 U.S.C. § 1983. These are the only claims proceeding. All other claims are **dismissed** for the reasons discussed in Part III.

The claims discussed in Part III are the only claims identified by the Court. If Mr. Boyd believes he asserted claims in the amended complaint that the Court has not addressed, he shall have **through April 19, 2021**, to notify the Court. If Mr. Boyd simply reasserts claims that have already been addressed, they will be summarily dismissed.

The **clerk is directed** to update the docket to reflect that the defendants are Ryan Patton, Mrs. A. Reaves, Mrs. Ploeger, and Officer Deposki.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) Mrs. A. Reaves, (2) Mrs. Ploeger, and (3) Officer Deposki in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt. [36-1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Defendant Patton has already appeared in the action and will receive electronic notice of this Entry.

The defendants shall answer the amended complaint in the time required by Federal Rule of Civil Procedure 12(a)(1)(A). The parties shall have **through June 18, 2021**, to complete (or supplement) portions I(A)–(E) of the pretrial schedule at dkt. 31. All other deadlines imposed by that schedule shall remain in effect.

**IT IS SO ORDERED.**

Date:   3/23/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK L. BOYD
273507
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Mrs. A. Reaves
Administrator
Heritage Trail Correctional Facility
501 W. Main St.
Plainfield, IN 46168

Mrs. Ploeger
PREA Compliance Manager
Heritage Trail Correctional Facility
501 W. Main St.
Plainfield, IN 46168

Officer Deposki
Heritage Trail Correctional Facility
501 W. Main St.
Plainfield, IN 46168