UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK L. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01927-TWP-DML |
| | ) | |
| A. REAVES, PLOEGER, | ) | |
| RYAN PATTON and DEPOSKI | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PENDING MATTERS**

This matter is before the Court on several pending Motions. In this civil rights action, Plaintiff Derek L. Boyd ("Mr. Boyd") alleges that four Heritage Trail Correctional Facility staff members retaliated against him for engaging in activities protected by the First Amendment. Discovery closed on July 8, 2021. The Defendants Mrs. A. Reaves, Mrs. Ploeger, Ryan Patton, and Officer Deposki (collectively the "Defendants"), moved for summary judgment on August 23. (Dkt. 68). In this entry, the Court addresses ten recent motions by Mr. Boyd and issues directions for completing summary judgment briefing.

**I. Discovery Motions**

Mr. Boyd has filed nine discovery motions asking the Court to "subpoena" various pieces of evidence. Each was filed on or after August 25. The Court previously ordered the parties to "complete written discovery and discovery depositions pursuant to Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure" by July 8. Dkt. 31 at 4. Mr. Boyd does not indicate in his motions why he did not bring these motions (or move to extend discovery) sooner.

When the Court sets a schedule, it may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The "primary consideration" in determining good cause "is the diligence of the party

seeking" the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Mr. Boyd's motions do not acknowledge that discovery is closed, and they do not demonstrate a diligent effort to complete discovery or obtain an extension in the time provided. Mr. Boyd's discovery motions, dkts. [72], [78], [79], [80], [81], [82], [83], [84], and [85], are **denied** as **untimely**.

## II. Summary Judgment Briefing

On September 1, Mr. Boyd filed a response to the defendants' summary judgment motion and a separate brief in support of the response. (Dkts. 73, 74). On September 7, he filed two more responses, (Dkts. 90 and 91), plus another response directed at one affidavit supporting the defendants' motion, (Dkt. 88).

> Local Rule 56-1(b) sets forth the procedure for responding to a summary judgment motion:
>
> A party opposing a summary judgment motion must, within 28 days after the movant serves the motion, file and serve *a response brief* and any evidence (that is not already in the record) that the party relies on to oppose the motion. The response must include a section labeled "Statement of Material Facts in Dispute" that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.

S.D. Ind. L.R. 56-1(b) (emphasis added).

Mr. Boyd's numerous filings are confusing and do not comply with the Local Rule. The **clerk is directed** to **strike** Mr. Boyd's responses to the summary judgment motion, dkts. [73], [74], [88], [90], [91]. Mr. Boyd will have **through October 15, 2021**, to file an amended response to the defendants' summary judgment motion. The amended response must comply with Local Rule 56-1: It must include a statement of material facts in dispute and set forth all arguments regarding the defendants' summary judgment motion and supporting evidence *in a single document*.

Mr. Boyd may cite documents already on the docket and need not refile them. If Mr. Boyd fails to file a response that complies with these directions in the time provided, the Court may treat the defendants' summary judgment motion as unopposed.

### III. MOTION TO APPOINT COUNSEL

With respect to his Motions to Appoint Counsel (Dkts. 17 and 23), the Court previously denied these requests and found that Mr. Boyd was capable of litigating this case on his own through the resolution of summary judgment motions. Specifically, on January 13, 2021 the Court wrote:

> This case is currently in discovery. Mr. Boyd is capable of sending discovery requests to defense counsel and responding to the defendant's requests. He is also as capable as other prisoners of organizing the evidence he obtains and responding to a motion for summary judgment.
>
> Accordingly, Mr. Boyd's motions for counsel, dkts. [17] and [23], are **denied without prejudice**. Mr. Boyd is capable of litigating this action *pro se* until dispositive motions are resolved. If this action proceeds beyond summary judgment, the Court will entertain a renewed motion for counsel. In the meantime, [] Mr. Boyd should continue to recruit counsel on his own.

Dkt. 35 at 2.

On August 19, 2021, Mr. Boyd filed another Motion to Appoint Counsel, noting that he recently injured his hand. (Dkt. 67). However, his torrent of recent filings—(dockets 78-91 inclusive)—show that he is capable of writing a response to the Defendants' summary judgment motion. Mr. Boyd also states that he has encountered difficulties with discovery and the Defendants have not properly responded to his requests. However, the Court provided clear instructions for resolving discovery disputes and filing motions to compel, (Dkt. 31 at 6), and Mr. Boyd has not yet utilized that process. In short, Mr. Boyd has not provided good cause to reconsider the Court's conclusion that he is capable of litigating this action competently through the resolution of the defendants' summary judgment motion. His renewed motion to appoint counsel, Dkt. [67], is **denied**.

## IV. CONCLUSION

For the reasons explained above, Mr. Boyd's discovery motions, Dkts. [72], [78], [79], [80], [81], [82], [83], [84], and [85], are **denied** as **untimely**. His renewed motion to appoint counsel, Dkt. [67], is **denied without prejudice**. The **clerk is directed** to **strike** Mr. Boyd's responses to the summary judgment motion, Dkts. [73], [74], [88], [90], [91]. Mr. Boyd will have **through October 15, 2021**, to file an amended response to the defendants' summary judgment motion that complies with the instructions in Part II above.

**IT IS SO ORDERED.**

Date: 9/15/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK L. BOYD
273507
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com